effort, if any, to prevent, such condition, and collects and receives fares from those sitting and those standing, indifferent as to the place where the passenger secures his foothold. Under such circumstances we think the question becomes one of fact to be determined by the jury, having regard to particular conditions. Bruno v. Railroad Co., 5 Misc. Rep. 327, 25 N. Y. Supp. 511, affirmed 147 N. Y. 711, 42 N. E. 722; Wood v. Railroad Co., 5 App. Div. 492, 38 N. Y. Supp. 1077. The court charged the jury in accordance with this view of the law, and, upon the evidence, we think the submission was proper. The defendant was properly found guilty of negligence upon the testimony. Such finding was warranted by the evidence with regard to the sudden and violent starting of the car, which is shown to have disturbed the equilibrium of other passengers as well as the plaintiff. The defendant had accepted the plaintiff for carriage. It collected his fare, and knew the place he occupied upon the car. It was bound to know that the application of motive power in such manner as to cause the car to give a violent jerk was extremely hazardous, in view of the position of many of the passengers upon the car, and might result in injury. The jury were therefore authorized to say that it was a negligent act. Dochtermann v. Railroad Co., 32 App. Div. 13, 52 N. Y. Supp. 1051; Schaefer v. Railway Co., 29 App. Div. 261, 51 N. Y. Supp. 431.

Upon the question of the extent of plaintiff's injuries the testimony was conflicting, and, while it is not as satisfactory as it should be, we are unable to find legal ground for disturbing the judgment. No other questions require attention. The judgment should be affirmed.

Judgment and order unanimously affirmed, with costs.

---

### In re HART.

(Supreme Court, Special Term, Kings County. October, 1898.)

ELECTIONS—ACTION TO COMPEL REGISTRATION.

One who, by mistake, applied for registration and was registered in the wrong election district, has no right of action under Election Law, § 31, providing that, if the board of electors shall have neglected or refused to register a person entitled to be registered, application may be made to the court, whereupon said court may require the board to convene and register such person, but that such order shall not be made unless the name of such person shall have been omitted "through the fault, error, or negligence of the election officers."

Joshua W. Hart applied for registration and was registered by mistake in the Fifteenth election district of the Twentieth ward of the borough of Brooklyn, whereas he should have been registered in the Fourteenth district. The time for registration having expired, he applied to this court, under section 31 of the election law, for an order requiring the inspectors of the said Fourteenth district to meet and register him. Application denied.

A. H. Koehler, for the motion.
W. J. Carr, opposed.

GAYNOR, J. The election law is that if the board of inspectors at any meeting for registration "shall have neglected or refused" to

register a person who is entitled to be registered (i. e. registered by them), application may be made to this court, or to a judge, to have his name registered, whereupon the said court or judge may require such board of inspectors to convene on the second Saturday before the election and register such person; and then it is added for emphasis that such an order shall not be made unless the name of such person shall have been omitted "through the fault, error or negligence of the election officers," i. e. of the district where such person is entitled to be registered. Section 31. The said officers never neglected or refused to register the applicant, he never having presented himself before them for registration. It is through his own negligence that he is not registered, concurred in by the inspectors of the wrong district where he is registered.

The application is denied.

---

### MESEROLE v. SINN.

(Supreme Court, Appellate Division, Second Department. November 1, 1898.)

LANDLORD AND TENANT—RENT — UNTENANTABLE PREMISES — RIGHT TO ABANDON.

> Leased premises, by a gradual deterioration, fell into such condition that heavy rains soaked into or ran into and flooded the cellar, so as to make the premises untenantable. Laws 1860, c. 345, provides that lessees of premises which shall, without their fault, be so injured by the elements, or "any other cause," as to be untenantable, shall not be liable for the rent after such injury, and may quit and surrender possession. *Held*, that lessee was justified in surrendering the premises, and was not liable for subsequent rent, since an injury to the premises themselves by a sudden action of the elements is not necessary for the application of the statute.

Appeal from trial term, Kings county.

Action by Evelina A. Meserole against William E. Sinn, as executor of Walter L. Sinn, to recover rent. From a judgment entered on a verdict for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Michael Fennelly, for appellant.

James Troy, for respondent.

GOODRICH, P. J. On November 27, 1894, the plaintiff, by written lease, demised to Walter L. Sinn the premises known as "No. 404 Fourth Street, Brooklyn," for a term of 18 months. Mr. Sinn entered into the premises, and occupied them until October 24, 1895, when he vacated and surrendered them, on the ground that they had become and were so injured by the elements and other causes as to be absolutely untenantable, and unfit for occupancy. The evidence shows, and the plaintiff's counsel in his brief concedes, that after heavy rain storms water flowed into the cellar, so that it had to be bailed out on each of such occasions. There was evidence tending to show that after heavy rain storms water entered the cellar through the walls and foundations to the depth of several inches, that the foundations were